RECEIVED
IN LAFAYETTE, LA.
DEC 19 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| EURIS LAWRENCE | CIVIL ACTION NO. 05-0636 |
| VS. | JUDGE DOHERTY |
| ROBERT FELLER, Individually and in his capacity as Chief Of the New Iberia Police Dept.<br>CITY OF NEW IBERIA<br>XYZ INS. CO. | MAGISTRATE JUDGE METHVIN |

## ORDER REQUIRING RULE 7(A) REPLY

In this §1983 civil rights suit, plaintiff has sued defendant Robert Feller in his individual capacity.[1] In the answer, Chief Feller pleads qualified immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff alleges as follows: In April, 2004, he was arrested by St. Martinville Police and on April 10, 2004 he was transferred to the custody of the New Iberia Police Department ("NIPD"). While in the custody of NIPD, he was beaten to the point of unconsciousness, given haldol, and stunned with a stun gun. As a result, plaintiff's "face and body was scarred and bruised, his genitals were sore and swollen because of various beating . . .[plaintiff] was required to spend three days in Our Lady of Lourdes Hospital's Intensive Care Unit."[2] Plaintiff alleges

---

[1] See Rec. Doc. 1 at p. 3, "Chief Feller, as police chief and/or individually . . ."

[2] Rec. Doc. 1 at p. 3.

that Police Chief Feller inadequately trained, supervised and disciplined the officers of the NPD, resulting in his beating and injuries.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). One of the purposes of the qualified immunity defense is "avoidance of disruptive discovery" unless and until the plaintiff puts forward "specific, nonconclusory factual allegations" which would overcome the defense. Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795 (1991) (Kennedy, J., concurring).

In Schultea, the Fifth Circuit addressed the tension between a plaintiff's right to notice pleading under Rule 8(a) and a government official's right to invoke the protection of the qualified immunity defense against the burden and expense of discovery. The court held that a district court may require a civil rights plaintiff to reply to an assertion of qualified immunity pursuant to Rule 7(a).[222] Schultea, 47 F.3d at 1433-1434. District courts interpret this as more than a suggestion. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." Id. at 1434. Discovery may be banned at this stage, or limited to the issue of qualified immunity. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim

---

[222] Rule 7(a) provides as follows:

> (a) **Pleadings**. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross_claim, if the answer contains a cross_claim; a third_party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third_ party answer, if a third_party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third_party answer.

with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Id.

The Schultea rule "is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir.1999). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." Reyes 168 F.3d at 161, *citing* Wicks v. Mississippi State Employment Services, 41 F.3d 991, 995 (5 th Cir.1995).

Accordingly, when an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

Review of the complaint shows that the plaintiff's allegations are conclusory and not "supported with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Specifically, plaintiff has not provided sufficient factual allegations regarding: 1) the identity of the specific individuals allegedly responsible for the beatings; 2) the specific circumstances surrounding the events including whether plaintiff's actions or non-actions may have been a factor in the use of force; and 3) the specific factual allegations concerning the alleged failure of Chief Feller to adequately train, supervise, or discipline the officers of the NTPD.

Considering the foregoing,

4

**IT IS ORDERED** that the plaintiff shall file a Fed. R. Civ. P. 7(a) reply to the qualified immunity defense invoked by Chief Feller in accordance with this order **within twenty (20) days of the date of this order.**

Signed at Lafayette, Louisiana on this ___19th___ day of December, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140-phone   (337) 593-5155-Fax